**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WARREN BRANTNER,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | **No.: 26-cv-** |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUM** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

The Plaintiff, Warren Brantner ("Mr. Brantner" or "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendant, Unum Life Insurance Company of America d/b/a Unum ("Unum" or "Defendant") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits

at issue herein, and attorney's fees and costs.

2. Mr. Brantner was at all times relevant covered under the Disability Income Policy, Policy No. 06-750-8225634 (hereinafter "the Plan"), underwritten by the Provident Life and Accident Insurance Company.

3. The Provident Life and Accident Insurance Company is a wholly-owned subsidiary of Unum.

4. Upon information and belief, defendant, Unum, is a corporation with its principal place of business in the State of Maine with a principal mailing address for the purposes of effectuating service of process of 2211 Congress Street, Portland, ME 04122.

5. Upon information and belief, Unum is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of benefits, Unum both funded and administered the claim with a conflict of interest and the bias this created affected the claims determination.

6. The Plan is an employee welfare benefit plan regulated by ERISA, issued to certain employees of SAP, under which Mr. Brantner was a participant, and pursuant to which Mr. Brantner is entitled to long-term disability ("LTD") benefits.

7. Pursuant to the terms and conditions of the Plan, Mr. Brantner is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as he remains disabled as required under the terms and conditions of the Plan.

8. Venue is proper in this district under 29 USC 1132(e)(2), in that Mr. Brantner resides in the Middle District of the Commonwealth of Pennsylvania, and Unum is licensed to transact business in the Commonwealth of

Pennsylvania so may be found here.

## FACTUAL BACKGROUND

9. At all times relevant, Mr. Brantner was insured under the Plan.

10. As a result of suffering a physical disability due to a Sickness or Injury, the nature of which, due to privacy, is detailed within the administrative record, Mr. Brantner became entitled to Total Disability benefits under the terms and conditions of the Plan.

11. As it relates to Mr. Brantner's current claim for benefits the Plan defines *"Total Disability"* or *"Totally Disabled"* as, *"because of Injuries or Sickness"*:

> *1. You are not able to perform the material and substantial duties of Your Occupation; and*
>
> *2. You are not engaged in Any Occupation; and*
>
> *3. You are receiving a Physician's Care…."*

12. The Policy defines "*Your Occupation"* as meaning:

> "…*the occupation or occupations in which You are regularly engaged at the time You become Disabled."*

13. Mr. Brantner's Occupation was that of a Business Development Chief Expert for SAP.

14. Due to restrictions and limitations arising from his physical disability, Mr. Brantner was unable to perform the material and substantial duties of his Occupation as of at least May 5, 2025 and at all times thereafter.

15. Mr. Brantner thus made a claim to Unum for benefits under the Plan with a disability onset date on or about May 5, 2025.

16. Via letter dated September 25, 2025, Unum notified Mr. Brantner that it was denying his claim for long-term disability benefits.

17. Mr. Brantner submitted a formal appeal with additional documentation supporting his disability claim to Unum for their consideration.

18. Via letter dated April 8, 2026, Unum notified Mr. Brantner that the additional information did not change their prior decision, and that he had until April 23, 2026 to review and respond to Unum's new information.

19. On April 22, 2026, Mr. Brantner submitted additional information responding to Unum's new information.

20. Via letter dated April 29, 2026, Unum informed Mr. Brantner that they received his additional information but needed an extension of time to June 13, 2026 to conduct a review.

21. Via letter dated May 20, 2026, Unum informed Mr. Brantner that they were upholding their initial decision to deny his claim for long-term disability benefits and that he has exhausted his administrative remedies.

22. At all material times hereto and as set forth above, Mr. Brantner has continued to provide defendant with medical and other documentation supporting and confirming his ongoing disability status, as per the terms of the aforementioned policy.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

23. Plaintiff incorporates by reference all preceding paragraphs as if fully repeated herein

24. In reaching its decision to deny Mr. Brantner's claim, the defendant's review was biased and selective; and ignored the severity of Mr. Brantner's ongoing limitations and restrictions on his ability to perform his Occupation.

25. Upon information and belief, the defendant violated its obligations to its insured in denying a valid and fully supported claim for benefits.

26. As set forth hereinabove, the defendant improperly, unjustifiably denied Mr. Brantner his disability benefits under the Plan without reasonable basis and based upon faulty, flawed, insufficient and defective information.

27. As a consequence of defendant's pattern and practice of deliberate repudiation of its policy obligations, Mr. Brantner has been deprived of his rights to receive total disability benefits payable under the aforementioned Plan.

28. As a further consequence of its violation of ERISA and breach of its legal obligations, the defendant has been unjustly enriched to the substantial detriment of its insured, Mr. Brantner.

29. As a further consequence of defendant's violation of ERISA and breach of its contractual and legal obligations, Mr. Brantner has incurred and will continue to incur a loss of income, including counsel fees, litigation costs and expenses, loss of use of benefits payable and associated interest payments.

30. At all relevant times herein, Mr. Brantner has continued to make a claim for monthly disability benefits under his disability policy, and he is still owed disability benefits from the onset date of his disability (following the Elimination Period) to the present.

## REQUEST FOR RELIEF

WHEREFORE, WARREN BRANTNER prays for relief against UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUM as follows:

1. Payment of long-term disability benefits due Plaintiff;

2. Return to Plaintiff of all premiums wrongfully collected by Defendant while Plaintiff met the definition of disability;

3. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability;

4. In the alternative to the relief sought in paragraphs 1-3, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

5. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

6. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

7. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

Marc H. Snyder

Marc H. Snyder, Esquire (81432)
Tel: (215) 935-1106
msnyder@rms.law
Christopher R. Harris, Esquire (326450)
To be admitted *Pro Hac Vice*
Tel: (215) 935-1157
charris@rms.law
1300 Virginia Drive, Suite 310
Ft. Washington, PA 19034
Fax : (215) 935-0326
Attorneys for Plaintiff,
Warren Brantner